### INDIANA BRIDGE CO. v. CARR et al.

(Circuit Court of Appeals, Sixth Circuit. July 5, 1899.)

No. 620.

SHERIFFS—LIABILITY ON BOND—KENTUCKY STATUTES.

Ky. St. §§ 4129, 4133, 4134, provide that the sheriff, by virtue of his office, shall be collector of all state, county, and district taxes, unless otherwise ordered, that he shall give a bond conditioned that he "shall faithfully perform his duties," that the county court may require him to give an additional bond or bonds whenever it may deem it for the interest of the state and county, and that the sureties on all the bonds shall be jointly and severally liable for any default of the sheriff during the term for which such bonds were given. Sections 1882–1884, which were prior enactments, require the county court to take a bond from the sheriff or

other person charged with the collection of county taxes annually before he enters upon such collection. *Held*, that such bond was an "additional bond," within the meaning of section 4134, and that the sureties on a sheriff's general bond, given under section 4133, were liable for defaults in respect to state and county revenue alike, although no additional bond was required or given.

In Error to the Circuit Court of the United States for the District of Kentucky.

Humphrey & Davie, for plaintiff.

Stone & Sudduth, for defendants.

Before LURTON, Circuit Judge, and SEVERENS and THOMPSON, District Judges.

LURTON, Circuit Judge. This is an action brought by the Indiana Bridge Company against B. M. Carr, as sheriff of Morgan county, Ky., and his sureties upon his official bond, executed under section 4133 of the Kentucky Statutes. The surety defendants thereon demurred to the petition upon the ground that it did not state facts sufficient to constitute or support a cause of action against them. This demurrer was sustained, and the petition dismissed. From this judgment a writ of error has been sued out by the Indiana Bridge Company.

This bond upon which the action was brought was dated January 1, 1894, is executed to the commonwealth of Kentucky, and is conditioned that the said B. M. Carr shall faithfully perform his duties. The bond is one provided for by an act of the Kentucky legislature approved November 11, 1892.

The plaintiff in error did certain bridge work for Morgan county, Ky. In the fall of 1893 the fiscal court of that county allowed the Indiana Bridge Company the sum of $3,299, payable out of the county levy for the year 1894, and directed the sheriff to collect and pay over that sum to the plaintiff. In the year 1894, and during the currency of the bond in suit, the sheriff collected this county levy, and settled his accounts with the county commissioners, taking credit in his accounts for the amount thus allowed to the bridge company; but he did not pay the same, or any part thereof, to the Indiana Bridge Company. Thereupon this suit was brought against him and his sureties upon his bond, to recover from the sheriff and his sureties the aforesaid tax so collected by him as a part of the county levy for the year 1894. The real defense was that this collection of county taxes levied by the fiscal court was not covered by the obligations of this bond. The act of November 11, 1892 (being sections 4129-4131, 4133, and 4134 of the Kentucky Statutes), provided, by section 4129, that the—

"Sheriff, by virtue of his office, shall be collector of all state, county and district taxes, unless the payment thereof is by law specially directed to be made to some other officer."

Section 4130 required that the sheriff should enter into a bond with sureties for the faithful performance of his duties, and that the—

"Commonwealth, the county, and any taxing district shall have a lien, from the date the sheriff begins to act, upon the real estate of the sheriff therein se-

cured or afterwards acquired by him, which shall not be discharged until the whole amount of money collected by the sheriff, or for which he may be liable to them respectively, shall have been paid," etc.

### Section 4133, provides as follows:

"The bond of the sheriff or collector shall be in substance as follows: 'We, A. B. (sheriff or collector, as the case may be), and C. D. and E. F., his sureties, bind and obligate ourselves, jointly and severally, to the commonwealth of Kentucky, that the said A. B. (sheriff or collector, as the case may be), shall faithfully perform his duties. Witness our signatures this —— day of ——.' "

### Section 4134 provides that the—

"County court may require the sheriff to give an additional bond or bonds, with good surety, to be approved by the county court, whenever it may deem the interest of the state and county demands; and the sureties on all the bonds executed by the sheriff shall be jointly and severally liable for any default of the sheriff during the term in which said bond may be executed, whether the liability accrued before or after the execution of such bond or bonds."

The obligation of the bond required by section 4133 is that the sheriff "shall faithfully perform his duty." Under section 4129, it is made the duty of the sheriff to collect, not only all state taxes, but all county and district taxes. The obligation of the bond is therefore broad enough to cover, not only state, but county, taxes collected by the sheriff during the currency of the bond. No "additional bond," such as required by section 4134, was ever executed by this sheriff.

The only doubt as to whether the bond required by section 4133 was intended to cover county taxes collected by the sheriff, as well as state taxes, grows out of the provisions of an act passed April 18, 1892, entitled "An act to authorize the court of claims or fiscal courts of the counties of the commonwealth to levy and collect a poll and ad valorem tax for county purposes," being sections 1882 to 1885 of the Kentucky Statutes. Section 1882 fixes the amount of the tax that the fiscal court may levy in any one year. Section 1883 provides that the officer who may collect the state revenue in each county shall also collect the "aforesaid poll and ad valorem taxes." Section 1884 provides:

"That the sheriff or other officer who may collect these taxes shall, annually, before he proceeds to do so, execute bond to the commonwealth of Kentucky, in the county court of each respective county, with one or more sufficient sureties, in a sum equal to double the amount of the taxes likely to come into his hands, for a faithful performance of his duty, and to pay over in due time to the proper party, as directed by the court, all money collected by him; said bond to be approved by order of the county court, and, when approved, to be recorded in the order book, and safely kept by the county court clerk; and the officer collecting said taxes shall be allowed the same compensation as officers are, who collect the state revenue; and he shall annually settle his accounts with the court of claims or fiscal court as such collector, and may be required to settle oftener, in the discretion of said court, by order entered of record, a copy of which shall be served on the officer; and his settlements shall show the amount of poll tax, and also the amount of ad valorem tax collected, and an itemized statement of the moneys disbursed, and the same shall be published for at least two weeks in the paper published in the county having the largest circulation therein, if any be published in the county; if none, then the settlement shall be published by written or printed handbills posted at the front door of the court house, and at least three other public places in the county."

That the sureties on a bond executed under the foregoing provision might be liable to the plaintiff, if such a bond had been made, does not determine the question as to whether the sureties of a bond under section 4133 would not be also liable. There may be no such necessary conflict between the two acts as to work a repeal of the act of April, 1892. Indeed, the provisions of section 4134 authorize the county court to require an "additional bond" to that required by section 4133, in its discretion, and provide that "the sureties on all the bonds executed by the sheriff shall be jointly and severally liable for any default of the sheriff during the term in which the said bond may be executed, whether the liability accrued before or after the execution of such bonds." Under this provision, section 1884 may be well regarded as a provision covering the terms and prescribing the obligations of any "additional bond," within the meaning of section 4134.

Since this writ of error has been pending the question thus presented has been decided by the supreme court of Kentucky, in the case of Howard v. Com., 49 S. W. 466, where the suit was upon a bond executed by a sheriff under section 4134, and where the defense made by the sureties was that they were liable under the bond only for the default of the sheriff in respect to state taxes. It was held that the sureties upon the bond were liable for state and county revenue alike. Section 1884 was construed as a provision under which an "additional bond" for the double protection of the county might be required. Aside from any question of the duty of this court to follow the construction of this statute by the highest state court, we are entirely content to agree with the Kentucky court in holding that the purpose and intent of the act of November 11, 1892, was by a general law "to protect the revenues of the state, and the various counties as well, by requiring a state and county revenue bond of such comprehensiveness as that those executing it would be liable for state and county revenues, of whatever kind or description." The construction of the statute under which the bond in suit was executed is the only question argued or submitted. Judgment reversed, with direction to overrule the demurrer.